**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5017**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

CARLOS SCOTT ALBRIGHT,

                Defendant - Appellant.



Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00006-NCT-1)


Submitted:  September 30, 2011        Decided:  October 7, 2011


Before DUNCAN, AGEE, and WYNN, Circuit Judges.


Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.


Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Scott Albright pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Albright to 116 months of imprisonment. Albright timely appealed, and argues that one of his prior North Carolina convictions did not qualify as a felony to increase the applicable base offense level under the advisory Guidelines.[*] The parties have also filed a joint motion to remand the appeal to the district court for resentencing. For the reasons that follow, we affirm Albright's conviction, but grant the motion, vacate the sentence, and remand for resentencing.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as

---

[*] He does not challenge the other felony listed in the indictment, a prior conviction for being a felon in possession of a firearm. Thus, Simmons does not call into question the validity of the present conviction.

mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51.

Under the advisory Guidelines, the base offense level applicable to the offense of conviction is twenty if the defendant committed the offense after sustaining a felony conviction for a crime of violence or a controlled substance offense, and twenty-four if the defendant committed the offense after sustaining two such convictions. See U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(2), (4)(A) (2010). Relevant to this appeal, USSG § 4B1.2(b) defines a controlled substance offense as an offense punishable by a term of imprisonment exceeding one year that prohibits the dispensing or possession with intent to distribute a controlled substance.

Here, Albright had prior North Carolina convictions for possession with intent to deliver marijuana and conspiracy to commit robbery with a dangerous weapon. His conviction for possession with intent to delivery marijuana is a Class H felony under North Carolina law. Moreover, at the time of this conviction, Albright's prior record level was I, and the sentencing court found that he should be sentenced within the presumptive range of the applicable sentencing table under N.C. Gen. Stat. § 15A-1340.17(c) (2007). Under North Carolina law,

Albright faced a maximum term of imprisonment of eight months for this offense, see N.C. Gen. Stat. § 15A-1340.17(d) (2007), and could not therefore have received a term of imprisonment exceeding twelve months for this prior conviction.

In United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), we determined that an offense is not punishable by a term exceeding one year of imprisonment if the defendant could not have actually received more than one year of imprisonment for that offense, based on his prior criminal history and other factors. As Albright could not have received a term exceeding one year of imprisonment for the possession with intent to deliver marijuana conviction, he had only one prior conviction that qualified to enhance the applicable base offense level under the Guidelines. See USSG § 2K2.1(a)(2), (4)(A). As the advisory Guidelines range was determined based on a base offense level of twenty-four rather than twenty, Albright was sentenced based on an incorrect Guidelines calculation. Therefore, the sentence is procedurally unreasonable.

Accordingly, we affirm Albright's conviction, but grant the motion to remand, vacate the sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>